UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN GALEANO ESCOBAR,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,<br><br>Respondents. | Case No.: 26-CV-480 JLS (MSB)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 5) |

Presently before the Court is Edwin Galeano Escobar's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 5). Also before the Court is Respondents' Return to Habeas Petition ("Ret.," ECF No. 8) and Petitioner's Traverse ("Traverse," ECF No. 9). For the reasons set forth below, the Court **GRANTS IN PART** the Amended Petition for Writ of Habeas Corpus (ECF No. 5).

## BACKGROUND

Petitioner, a Honduran national, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since October 13, 2025. Pet. at 4. Petitioner entered the United States in 2007. *Id.* Since entering the United States, Petitioner has lived with his family in New Jersey without issue. *Id.* On October 13, 2025,

1

26-CV-480 JLS (MSB)

Petitioner was arrested by ICE when he went to Home Depot to buy supplies. *Id.* Petitioner contends that his continued detention without a bond hearing is unlawful. *Id.* at 5–17.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Respondents concede that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1] Ret. at 2. Because of this, Respondents "acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and [is] entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." *Id.*

However, the Court notes that on March 6, 2026, the Ninth Circuit granted an administrative stay of the *Bautista* decision "insofar as the district court's judgment extends beyond the Central District of California." *Maldonado Bautista, et al. v. United States*

---

[1] On December 18, 2025, the *Bautista* Court entered final judgment finding that the July 8, 2025, DHS Notice redefining who is considered an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) is unlawful under the Administrative Procedure Act. *Maldonado Bautista*, No. 25-CV-1873-SSS-BFM, ECF No. 94.

26-CV-480 JLS (MSB)

*Department of Homeland Security, et al.*, No. 26-1044, ECF No. 5 (9th Cir. March 6, 2026). Therefore, the Court resolves the Petition without reliance on *Maldonado Bautista*.

Section 1225 applies to "applicants for admission" who are "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). Section 1225(b)(2)(A) provides in part that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly beyond a doubt entitled to be admitted, . . . shall be detained for a proceeding under [§ 1229a]." *Id.* § 1225(b)(2)(A).

Section 1226(a) applies to a noncitizen who is "detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1226 provides, so as long as the detained noncitizen is not covered by § 1226(c), that pending such decision, the Attorney General may release the noncitizen on bond. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). Section 1226(c) requires mandatory detention for noncitizens who have been charged with certain crimes listed in § 1182(a) and § 1227(a). § 1226(c)(1). Notably, § 1226(c)(1)(E) (enacted by the Laken Riley Act) requires mandatory detention for noncitizens who are (1) inadmissible under §1182(a)(6)(A), (6)(C), or (7); *and* (2) charged with certain crimes.[2] § 1226(c)(1)(E). "A plain reading of this exception implies that the default discretionary bond procedures in Section 1226(a) apply to a noncitizen who . . . is present without being admitted or paroled but *has not been* implicated in any crimes as set forth in Section 1226(c)." *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *17 (W.D. Wash. Sept. 30, 2025).

---

[2] These crimes are "burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." § 1226(c)(1)(E)(ii).

26-CV-480 JLS (MSB)

Here, Petitioner is currently subject to mandatory detention at the Otay Mesa Detention Center pursuant to § 1225(b)(2). Pet. at 5–8. If the Court determines that Petitioner is held pursuant to § 1226 and not § 1225(b)(2), Petitioner would be entitled to a bond hearing in front of an immigration judge.

The Court follows other decisions in this Circuit finding that "seeking admission requires an affirmative act such as entering the United States or applying for status, and that it does not apply to individuals who, like [Petitioner], have been residing in the United States and did not apply for admission or a change of status." *Mosqueda v. Noem*, No. 25-CV-2304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025); *see, e.g.*, *Vazquez v. Feeley*, No. 2:25-CV-01542-RFB-EJY, 2025 WL 2676082, at *11–16 (D. Nev. Sept. 17, 2025); *Rodriguez*, 2025 WL 2782499, at *1 ("Every district court to address this question has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice."); *Guzman v. Andrews*, No. 25-CV-1015-KES-SKO (HC), 2025 WL 2617256, at *4–5 (E.D. Cal. Sept. 9, 2025) (finding that petitioner who was released on bond and rearrested was entitled to a bond hearing under § 1226); *Garcia*, 2025 WL 2549431, at *8 (providing petitioner with an individualized bond hearing under § 1226(a)); *Valdovinos v. Noem*, No. 25-CV-2439 TWR (KSC), slip op. at 9 (S.D. Cal. Sept. 25, 2025) (same).

Petitioner "was not encountered at a port of entry, during inspection, or near the international boundary." Pet. at 5–8. Petitioner was arrested in the interior of the United States by ICE Officers, not while presenting himself at the gate of entry to attempt to apply for admission. *See id.* Petitioner also has not taken any affirmative acts to seek admission but rather has been residing in the United States since 2007. *Id.* at 4–5; *see also Kadir v. Larose*, No. 25-CV-1045 LL (MMP), 2025 WL 2932654, at *2–3 (S.D. Cal. Oct. 15, 2025) (finding that when petitioner scheduled an appointment for admission at the border that clearly qualified him as an applicant for admission under § 1225(b)).

Therefore, the Court concludes that Petitioner is not an applicant for admission under §1225(b) and is entitled a bond hearing under §1226(a).

26-CV-480 JLS (MSB)

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 5), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody.[3] The Parties **MUST** file a status report informing the Court of the outcome of the hearing by March 27, 2026. The Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated:  March 10, 2026

Hon. Janis L. Sammartino
United States District Judge

---

[3] The Court declines to address the issues raised by Petitioner regarding the neutrality of immigration courts generally.

26-CV-480 JLS (MSB)